IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 21-0085-KD-MU |
| STATE OF ALABAMA DHR, *et al.,* | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On June 10, 2021, Plaintiff Virgil Mitchell, proceeding *pro se,* filed the operative complaint in this action against Defendants Baldwin County Sheriff Huey Hoss Mack, Captain Tali Graves, Sergeant Willie Walker, Honorable Carmen Bosch, Child Support Referee Sharon Hoiles, DHR Caseworker Susan White, and the Department of Human Resources of the State of Alabama (DHR) asserting claims arising from child support proceedings in state court. (Doc. 7). This matter is before the Court on Defendants' motions to dismiss Mitchell's claims against them. (Docs. 17, 23, and 26). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. Because Mitchell's complaint fails to state a claim against any of the Defendants, it is recommended that these Defendants' motions to dismiss be granted and Mitchell's complaint be dismissed.

# I. **FACTUAL ALLEGATIONS**[1]

Although Mitchell's complaint lacks clarity, a review of the complaint indicates that his primary claim is based on his contention that Defendants have "extorted [his] child support to be $11,000." (Doc. 7 at p.1). Specifically, in his complaint, he alleges that he appeared before "substitute judge" Hoiles on March 3, 2014, when he was $786 behind on his child support, and she placed him in jail for 8 months. (*Id.*). He states that his "review dates were denied repeatedly from March 3, 2014 to October 24, 2014" and that "[b]etween those dates [he] became a sitting duck without a court date for a charge that did not require a pending trial." (*Id.*). He claims that, after being released from that sentence on October 24, 2014, he never got out of jail because he was "locked back up" by Judge Bosch due to "tickets in Summerdale, Foley, and Fairhope." (*Id.*). According to Mitchell, he was picked up by the Fairhope police department on a warrant for a writ of arrest issued by Judge Bosch on March 8, 2015, was booked into the Baldwin County jail on March 9, 2015, had a bond hearing 72 hours later, and had a hearing set for April 10, 2015. (*Id.*)

He alleges that Defendants Walker and Graves came to his block in the jail on April 10, 2015, and again on May 30, 2015, and told him that there was no court for Judge Bosch on those days. (*Id.*). He avers that he notified Sheriff Mack on May 30, 2015, that Mack's officers had lied to him when they told him the

---

[1]For purposes of these motions to dismiss, Mitchell's factual allegations have been accepted as true and viewed in the light most favorable to him. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

courts changed his court date. (Doc 7-1 at p. 1). He alleges that, when he appeared before Referee Hoiles on June 26, 2015, she told him that she had not changed his previous court dates and did not give permission for anyone else to do so. (*Id*.). He avers that court was held those dates and he should have been there. (Doc. 7 at p.1). Mitchell claims that during the time he was in jail, his child support arrears rose to $11,000, and he contends that the actions of Defendants were the reason for this and part of a racketeering, embezzlement, and extortion scheme which violated the RICO statute and his constitutional rights. (*Id*. at pp. 1-2). Mitchell claims that Mack, Walker, and Graves violated his 5th, 6th, and 14th Amendment rights by making him sit in jail and miss his hearings while his child support reached "unbearable amounts." (Doc. 7-1 at p. 1). Mitchell seeks recovery of compensatory damages for these alleged constitutional violations.

Mitchell alleges that he notified Judge Bosch and Referee Hoiles of his predicament in a handwritten letter from jail on June 5, 2015, but they did nothing except make him continue sitting in jail. (*Id.* at p. 2). He asserts that DHR case worker Susan White should have known something was amiss when he didn't show up for court on the hearing dates and should have asked Referee Hoiles why he wasn't present. (*Id*.). Mitchell claims that each of these Defendant's actions violated his due process rights and seeks recovery of compensatory damages from each of the defendants. (*Id*.).

## II. **STANDARD OF REVIEW**

Defendants argue that Mitchell's complaint is due to be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim against them. To survive a

Rule 12(b)(6) motion to dismiss, a plainitff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations

will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendants Judge Bosch and Referee Hoiles also seek dismissal, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Subject matter jurisdiction is a threshold inquiry that must be established before the Court can proceed to evaluate a plaintiff's claims on the merits. *See, e.g., Douglas v. United States*, 814 F.3d 1268, 1280-81 (11th Cir. 2016) (noting that "[f]ederal courts are courts of limited jurisdiction" and that, if a federal "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). "[T]he party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction." *Jory v. United States*, 562 F. App'x 926, 927 (11th Cir. 2014) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.*

### III. <u>LEGAL ANALYSIS</u>

Mitchell's claim against Mack, Walker, and Graves is essentially a claim for denial of access to the courts based on his allegation that he was not taken to his court dates which caused him to be a "sitting duck" in jail which consequently

led to his child support arrearage continuing to grow. Mitchell's claim against DHR and DHR Caseworker White is based upon his allegation that White or presumably another DHR employee should have questioned his failure to appear at the court hearings that were scheduled while he was incarcerated. Mitchell's claim against Judge Bosch and Referee Hoiles seems to be based on his disagreement with orders that were entered by them in his child support case in state court. He alleges that Referee Hoiles placed him in jail from March 3, 2014 to October 24, 2014 for failure to pay child support and that his due process rights were violated during this time because his "review dates" during this time period were denied repeatedly. He also claims that Judge Bosch and Referee Hoiles are responsible for his arrearage increasing because they did not question his absence at the hearings he allegedly missed while incarcerated and that this inaction violated his due process rights. Mitchell seeks $300,000 compensation from Defendants Mack, Walker, and Graves; $85,000 compensation from Defendants Bosch, Hoiles, and White; and reimbursement of the $400 filing fee from Defendant White. Mitchell does not seek any injunctive or declaratory relief.

Defendants argue that Mitchell's claims against them are due to be dismissed because the alleged actions occurred well outside the applicable statute of limitations period, because they are entitled to Eleventh Amendment, qualified immunity, and/or judicial immunity, and because the facts alleged by Mitchell can be proven to be incorrect via the incorporation by reference doctrine. (Doc. 18, 24, and 26).[2] Because the Court finds that Mitchell's claims against all

---

[2] Defendants Bosch and Hoiles also assert that this Court lacks subject matter jurisdiction over the claims asserted against them under the Rooker-Feldman

Defendants are barred by the applicable statute of limitations, the Court will forego a discussion of the other defenses asserted.

The avenue through which plaintiffs, such as Mitchell here, can seek redress for alleged constitutional deprivations by public officials or those acting under color of state law is 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (1994). It is well established that the statute of limitations that applies to § 1983 actions filed in federal court in Alabama is two years. *See McNair v. Allen*, 515 F. 3d 1168, 1173 (11th Cir. 2008); *Burt v. Martin*, 193 F. App'x 829, 830 (11th Cir. 2006); *Byrd v. City of Daphne*, No. CA 11-0468-CG-C, 2012 WL 1036058, at *4 (S.D. Ala. Mar. 9, 2012). In his complaint, Mitchell complains of events that occurred between March 3, 2014 and June 26, 2015, more than five years prior to the filing of his complaint; therefore, all claims asserted by Mitchell in his complaint are time-barred. Accordingly, because

---

doctrine. However, for the Rooker-Feldman doctrine to be applicable, a final judgment must have been entered by the state court. *See Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (noting that "[t]he Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts") (citation omitted). There is no evidence or allegation in this case that a final judgment has been entered. Here, Mitchell alleges that "[t]his case is still active …." Doc. 7 at 2. Therefore, the Court cannot dispose of the claims against Bosch and Hoiles on this ground at this time.

7

Mitchell's claims are long time-barred, his complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

Because Mitchell's complaint is time-barred, it is **RECOMMENDED** that each of the Defendants' motions to dismiss (Docs. 17, 23, and 26) be **GRANTED** and that Mitchell's complaint (Doc. 7) be **DISMISSED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **November, 2021**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
